IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA KERNATS, TIFFANY GUY, MARION JOHNSON, and TENISHA MCCOY, Individually, and on Behalf of All Others Similarly Situated, ) ) ) ) ) | Case No. 09-cv-3368 Case No. 09 cv 4305 |
| Plaintiffs, ) ) | |
| v. ) ) | Judge Virginia M. Kendall |
| COMCAST CORPORATION, ) ) | |
| Defendant. ) ) | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiffs CYNTHIA KERNATS, TIFFANY GUY, MARION JOHNSON, and TENESHA MCCOY, on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys, for their Complaint against COMCAST CORPORATION ("Defendant"), state as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), for Defendant's failure to pay Plaintiffs and other similarly-situated persons all earned overtime wages, and failure to compensate Plaintiffs and other similarly-situated persons for all time worked. In addition, Defendant violated the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA"), for its failure to pay Plaintiffs CYNTHIA KERNATS, TIFFANY GUY, MARION JOHNSON, and TENESHA MCCOY, individually, all earned overtime pay.

1

2. Defendant operates customer service call centers within this judicial district. Defendant requires that Plaintiffs and similarly-situated persons sign on a telephone system at the beginning of each shift, and sign off the system at the end of each shift. Defendant pays Plaintiffs and similarly-situated employees only for time while they are logged into the telephone system: employees are not paid for work performed before or after logging into the system, including, but not limited to, booting-up computers, initializing several software programs, and performing customer call-backs.

3. In addition, Plaintiffs and similarly–situated employees perform uncompensated work for Defendant during what are ostensibly break periods. Such work includes, but is not limited to, completing customer orders, finishing customer service calls, logging back into the phone system, re-booting computers and initializing software programs.

4. On information and belief, the amount of uncompensated time Plaintiffs and similarly-situated employees spend on unpaid activities averages approximately thirty minutes per day per person, and ranges from 15 minutes to over 60 minutes daily. As a result of working this uncompensated time, Plaintiffs and similarly-situated employees accrue time over 40 hours in the workweek, for which they are not compensated at an overtime rate.

5. Defendant also engages in a common scheme to withhold incentive payments earned by Plaintiffs and similarly-situated employees. Specifically, Defendant encourages its employees to sell its products and services, or meet other goals, by promising them incentive payments for achieving certain sales and other goals. Defendant, however, violates wage laws and breaches its promises by failing to timely pay these incentives when earned and/or refusing to pay them at all. Further, although

required to do so by law, Defendant fails to include these incentive payments as part of Plaintiffs' regular rate of pay when it calculates overtime compensation for hours worked over 40 per workweek.

6. Plaintiffs bring their IMWL overtime claims and IWPCA unpaid wage claims as a class action pursuant to Fed.R.Civ.P. 23.

7. Plaintiffs bring their FLSA overtime claims individually, and not as to a class.

## THE PARTIES

8. Representative Plaintiff CYNTHIA KERNATS worked as an hourly, non-exempt customer account executive ("CAE") in one of Defendant's Illinois call centers during the limitations periods. Plaintiff resides in and is domiciled within this judicial district.

9. Representative Plaintiff TIFFANY GUY worked as an hourly, non-exempt CAE, in one of Defendant's Illinois call centers during the limitations periods. Plaintiff resides in and is domiciled within this judicial district.

10. Representative Plaintiff MARION JOHNSON worked as an hourly, non-exempt CAE, in one of Defendant's Illinois call centers during the limitations periods. Plaintiff resides in and is domiciled within this judicial district.

11. Representative Plaintiff TENISHA MCCOY worked as an hourly, non-exempt customer CAE, in one of Defendant's Illinois call centers during the limitations periods. Plaintiff resides in and is domiciled within this judicial district.

12. Each Representative Plaintiff was employed by Defendant as an "employee," as that term is defined by Section 3 of the IMWL, 820 ILCS 105/3, Section 2 of the IWPCA, 820 ILCS 115/2, and Section 203 of the FLSA.

13. At all relevant times, Defendant was Plaintiffs' "employer" as that term is defined by Section 3 of the IMWL, 820 ILCS 105/3, Section 2 of the IWPCA, 820 ILCS 115/2, and Section 203 of the FLSA.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction over individual FLSA claims in this action under 29 U.S.C. § 1331.

15. This Court has original jurisdiction over all class claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and in the alternative, supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367. This is a class action in which: (1) there are 100 or more putative members in Plaintiffs' proposed classes; (2) at least some members of the proposed classes have different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

## CLASS ACTION ALLEGATIONS

16. Plaintiffs and similarly-situated persons are current and former employees who are employed by Defendant in customer service, sales, and similar positions at Defendant's call centers, and who were not paid for some or all of their work activities prior to the beginning or their shifts, or after the end of their shifts, or both. These positions include but may not be limited to:

    a. Customer Account Executive;

    b. Sales Consultant;

    c. Sales Associate;

    d. Customer Service Representative;

4

  e. Sales and Customer Service Associate;

  f. Retention Service Agent;

  g. Collection Specialist; and

  h. Inside Sales Representative.

17. Plaintiffs and other employees are similarly situated to one another because their duties consisted primarily of providing customer service, making sales, and maintaining customer accounts by telephone while working in Defendant's call centers, underwent the same or similar training, worked under common employment policies, and were subject to the same compensation scheme.

18. Defendant knowingly required Plaintiffs and the similarly-situated employees to perform unpaid work before and after logging into the telephone system, including, but not limited to, booting-up computer and initializing several software programs.

19. With respect to Plaintiffs' IMWL claim, Plaintiffs seek to represent a class that is comprised of and defined as:

> All persons who have been employed in Illinois by Defendant as hourly employees in customer service, sales, and other similar positions that require logging into and out of the telephone system since May 22, 2006, to the conclusion of this action, and who have not been paid overtime wages for all hour worked in excess of forty (40) hours per week (herein the "IMWL Class").

20. With respect to Plaintiffs' IWPCA claim, Plaintiffs seek to represent a class that is comprised of and defined as:

> All persons who have been employed in Illinois by Defendant as hourly employees in customer service, sales, and other similar positions that require logging into and out of the telephone system since May 22, 2004, to the conclusion of this action, and who have not been paid for all time worked, or not paid other earned compensation (herein the "IWPCA Class")."

5

21. Based on information and belief, Defendant employs CAE's in several call centers located throughout Illinois including: approximately 500 CAE's in Oak Brook; approximately 400 CAE's in Schaumburg; over 640 CAE's in Tinley Park; over 600 CAE's in Woodridge; approximately 25 CAE's in Champaign; approximately 45 CAE's in Peoria; approximately 50 CAE's in Rockford; and over 80 CAE's in Springfield.

22. This action is being brought as a class action under Rule 23, Fed. R. Civ. P. 23, because the IMWL Class and IWPCA Class are so numerous that joinder of all class members is impracticable.

23. The Representative Plaintiffs and the members of the IMWL and IWPCA Classes have been equally affected by Defendant's practice of not properly compensating employees for all overtime worked.

24. The Representative Plaintiffs and the members of the IMWL and IWPCA Classes have been equally affected by Defendant's failure to pay all earned wages to its employees.

25. Furthermore, members of the IMWL and IWPCA Classes still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

26. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the Classes, if any.

27. The Representative Plaintiffs, the members of the IMWL and IWPCA Classes and Defendant have a commonality of interest in the subject matter and the remedy sought.

28. The Representative Plaintiffs are able to fairly and adequately represent and protect the interests of the members of the IMWL and IWPCA Classes. Plaintiffs'

Case: 1:09-cv-03368 Document #: 20 Filed: 08/28/09 Page 7 of 14 PageID #:38

Counsel are competent and experienced in litigating large wage and hour and other employment class actions.

29. If individual actions were required to be brought by each member of the classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the IMWL and IWPCA Classes, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

30. The books and records of Defendant are material to Plaintiffs' case as they disclose the hours alleged to have been worked by members of the IWPCA and IMWL Classes and the amounts they were paid for that work.

31. Plaintiffs have retained counsel experienced in complex employment litigation and in class action litigation.

32. Plaintiffs and their counsel will fairly and adequately protect the interest of both classes.

## COUNT I
### Violation of the Illinois Minimum Wage Law
### (Class Action)

33. Plaintiffs hereby reallege and incorporate the above paragraphs of this Complaint, as if fully set forth herein.

34. This Court has original jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1332(d) and in the alternative, supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

35. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action on their own behalf and on behalf of the IMWL Class pursuant to 735 ILCS 5/2-801.

36. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiffs and the IMWL Class worked in excess of 40 hours, Plaintiffs and the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

37. Defendant did not pay Plaintiffs and the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

38. Defendant violated the Illinois Minimum Wage Law by failing to compensate Plaintiffs and the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

39. Pursuant to 820 ILCS 105/12(a), Plaintiffs and the IMWL Class are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs and the IMWL Class pray for judgment against Defendant as follows:

  A. Judgment in the amount of one and one-half times the regular rate for all time Plaintiffs and the IMWL Class worked in excess of forty (40) hours per week;

  B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

  C. Reasonable attorneys' fees and costs incurred in filing this action; and

  D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Wage Payment and Collection Act
### (Class Action)

40. Plaintiffs hereby reallege and incorporate the above paragraphs of this Complaint, as if fully set forth herein.

41. This count arises under the IWPCA, 820 ILCS 115/1, *et seq.* for Defendant's failure and refusal to pay Plaintiffs and the IWPCA Class they represent for all their wages earned, including incentive payments, at the rates agreed to by the parties.

42. During the course of their employment with Defendant, Plaintiffs were not compensated for all time worked in certain workweeks.

43. Other similarly-situated employees were not compensated for all time worked in certain work weeks.

44. Plaintiffs and the IWPCA Class were entitled to be compensated for all time they worked at the rate agreed to by the parties.

45. Defendant's failure to pay Plaintiffs and the IWPCA Class members for all earned wages, including incentive payments, at the rates agreed to by the parties violated the IWPCA.

46. Plaintiffs represent certain current and former employees of Defendant who have not been paid for all their earned wages, including incentive payments, at the rates agreed to by the parties in the past five (5) years, through and including the present.

WHEREFORE, Plaintiffs and the IWPCA Class pray for judgment against Defendant as follows:

    A.    Judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

B. Prejudgment interest on the back wages in accordance with 820 ILCS 205/2;

C. An injunction precluding Defendant from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*;

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act
### (Individual Plaintiffs)

47. CYNTHIA KERNATS, TIFFANY GUY, MARION JOHNSON and TENISHA MCCOY ("Individual Plaintiffs") incorporate by reference all preceding paragraphs.

48. Individual Plaintiffs assert claims for unpaid overtime pursuant to the FLSA.

49. At all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA. 29 U.S.C. 203 (s).

50. At all times relevant hereto, Defendant was an "employer" within the meaning of Section 3(d). 29 U.S.C. 203(d).

51. At all times relevant hereto, each Individual Plaintiffs was an "employee" as defined by Section 3(e) of the FLSA. 29 U.S.C. 203(e).

52. Individual Plaintiffs were not paid for all hours worked in excess of 40 hours in a workweek during the limitations period in violation of the maximum hours provisions of the FLSA. 29 U.S.C. 207(a).

53. At all times relevant hereto Defendant's failure to pay Individual Plaintiffs one and one-half their regular rate for all hours worked over 40 hours in a workweek was willful in that, among other things:

    a. Defendant knew that the FLSA required it to pay time and one-half for all hours worked over 40 in a week.

    b. Defendant failed to maintain true and accurate time records.

    c. Defendant encouraged plaintiffs to not record all hours worked.

54. Accordingly, Individual Plaintiffs are due unpaid overtime wages and liquidated damages, pursuant to 29 U.S.C. 216.

## **PRAYER FOR RELIEF**

WHEREFORE, the Representative Plaintiffs CYNTHIA KERNATS, TIFFANY GUY, MARION JOHNSON and TENISHA MCCOY, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against the Defendant for a sum that will properly, adequately and completely compensate Plaintiffs and the Classes for the nature, extent and duration of their damages, the costs of this action and further request the Court:

    A. Certify a class of individuals for Counts I and II who were employed or are currently employed by Defendant as hourly, non-exempt customer account executives or other similarly titled positions in the State of Illinois at any time during the relevant statute of limitations period;

    B. Declare and find that the Defendant committed one or more of the following acts:

        i. Violated provisions of the FLSA for individual Plaintiffs CYNTHIA KERNATS, TIFFANY GUY, MARION JOHNSON and TENISHA MCCOY;

        ii. Willfully violated provisions of the FLSA for individual Plaintiffs CYNTHIA KERNATS, CYNTHIA KERNATS, TIFFANY GUY, MARION JOHNSON and TENISHA MCCOY;

11

C. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

D. Award liquidated damages on all wages and overtime compensation due to all Individual Plaintiffs in Count III brought under the FLSA;

E. Award all costs and reasonable attorney's fees incurred prosecuting this claim;

F. Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

G. Grant leave to add additional Plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and,

H. For such further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: August 27, 2009

s/Douglas M. Werman
One of Plaintiff's Attorneys

DOUGLAS M. WERMAN
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

RYAN F. STEPHAN
JAMES B. ZOURAS
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
(312) 233-1550

JAC A. COTIGUALA
BRIAN D. MASSATT
431 South Dearborn Street, Suite 606
Chicago, Illinois 60605
(312) 939-2100

JAMES X. BORMES
Law Office of Jame X. Bormes, P.C.
8 S. Michigan Ave, Suite 2600
Chicago, Il. 60603
(312) 201-0575

JAMIE G. SYPUSLKI
Law Office of Jamie G. Sypulski
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603
312-360-0960

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing **Joint Amended Complaint** was served via electronic mail on August 28, 2009 on:

Sari M. Alamuddin
Christopher J. Boran
Stephanie Christiansen-LaRocco
Morgan, Lewis & Bockius, LLP
77 West Wacker Drive, 5th Floor
Chicago, Illinois 60601

s/Douglas M. Werman
One of Plaintiff's Attorneys

DOUGLAS M. WERMAN
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

RYAN F. STEPHAN
JAMES B. ZOURAS
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
(312) 233-1550

JAC A. COTIGUALA
BRIAN D. MASSATT
431 South Dearborn Street, Suite 606
Chicago, Illinois 60605
(312) 939-2100

JAMES X. BORMES
Law Office of Jame X. Bormes, P.C.
8 S. Michigan Ave, Suite 2600
Chicago, Il. 60603
(312) 201-0575

JAMIE G. SYPUSLKI
Law Office of Jamie G. Sypulski
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603
312-360-0960