**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA KERNATS, TIFFANY GUY, MARION JOHNSON, and TENISHA MCCOY, Individually, and on Behalf of All Others Similarly Situated, | Case No. 1:09-CV-03368 |
| Plaintiffs, | Judge Virginia M. Kendall |
| v. | |
| COMCAST CORPORATION, | |
| Defendant. | |

**COMCAST CORPORATION'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DEFENDANT TO DISCLOSE WITNESSES UNDER RULE 37(a)**

### INTRODUCTION

Plaintiffs are three Customer Account Executives ("CAEs") who work at Comcast's Oak Brook, Illinois call center, and one former CAE who worked at Comcast's Woodridge, Illinois call center between May 2007 and May 2008.  (Answer to Am. Cmplt. (Dkt. No. 23) ¶¶ 8-11.) They bring claims for unpaid wages and overtime under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").  They seek to represent a class of current and former Comcast employees who work or have worked at nine different Comcast call centers throughout Illinois.  (*Id.* at ¶¶ 1, 19-20; Ex. 1 ¶ 2.)

Though no motion for class certification has been filed – let alone been granted – plaintiffs ask this Court to compel "the identities, last known contact information and current employment status for *all* of [Comcast's] CAE's [sic], managers and supervisors employed

during the three (3) years preceding the filing of the [May 22, 2009] Complaint." (Pls.' Mot. at 7 (emphasis added).) The Court should deny plaintiffs' motion to compel class-wide discovery because it fails to comply with its Local Rules and is without substantive merit.

To start with, plaintiffs' motion is not properly before the Court because plaintiffs have not fulfilled their obligations under Local Rule 37.2 and this Court's standing order. Though plaintiffs recite a laundry-list of supposed deficiencies in Comcast's Rule 26 disclosures and interrogatory answers, many of the alleged deficiencies were never raised in the parties' lone Local Rule 37.2 conference held on December 9, 2009. Plaintiffs' scant efforts to resolve this discovery dispute are neither set forth in their motion (as this Court's standing order requires) nor anywhere near sufficient to satisfy their obligations under Local Rule 37.2.

Plaintiffs' motion also fails on the merits. To justify class-wide discovery, plaintiffs must make "'a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied, or that discovery is likely to produce substantiation of the class allegations.'" *Welch v. Eli Lilly & Co.*, 2009 WL 700199, at **7-8 (S.D. Ind. Mar. 16, 2009) (quoting *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985)). Plaintiffs have not even tried to make that showing. Instead, they try to side-step it by arguing that Comcast was required to identify "thousands" of employees in its Rule 26 initial disclosures and by claiming that Comcast's interrogatory answers have "affirmatively misled Plaintiffs and this Court." (Pls.' Mot. at 4-5.) Neither contention has factual or legal merit.

First, plaintiffs' contention that Rule 26(a)(1) requires Comcast to provide the names and contact information of thousands of its employees is contrary the Rule's plain language, which requires that Comcast identify only individuals it "*may use as witnesses* to support its claims or defenses." Fed. R. Civ. P. 26(a)(1) (emphasis added). Second, plaintiffs' contention that

Comcast has "misled Plaintiffs and this Court" is based on the false premise that it is improper for outside counsel to contact potential class members prior to class certification, and the incorrect assertion that Comcast did not identify certain witnesses that, in fact, were *explicitly* named in Comcast's interrogatory answers. (Ex. 2 at 17.)

As a last resort, plaintiffs claim that "at the very least" (Pls.' Mot. at 7) Comcast should answer plaintiffs' Interrogatory No. 9. This contention equally is without merit. Interrogatory No. 9 asks Comcast to identify everyone its lawyers have "interviewed since May 22, 2009 regarding claims asserted in Plaintiffs' complaint." (Ex. 2 at 17.) As Comcast pointed out in its objection to the Interrogatory, this would require Comcast to divulge the mental impressions of counsel. (*Id.*) Plaintiffs have not even addressed this objection, much less sought to distinguish the case law on which it is based.

For these reasons, plaintiffs' motion to compel should be denied.

## RELEVANT FACTS

**I. Contrary To Plaintiffs' Contention, Comcast's Initial Disclosures Comply With Rule 26.**

Much of plaintiffs' motion focuses on Comcast's supposed failure to comply with its obligation under Federal Rule of Civil Procedure 26(a)(1) to disclose:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – *that the disclosing party may use to support its claims or defenses*, unless the use would be solely for impeachment.

*Id.* (emphasis added). Specifically, plaintiffs accuse Comcast of disclosing "only a tiny faction of its supervisors, managers and executives," failing "to provide the address or telephone number for any these persons" and failing to "specify whether these persons were current or former employees." (Pls.' Mot. at 2.)

Plaintiffs' accusations are a stretch. To begin with, Comcast's initial disclosures identify each of the 20 supervisors and managers to whom plaintiffs have reported during their employment at Comcast. (Ex. 3 at 2-5.) Comcast's disclosures also identify the directors (or managers) of all of Comcast's Illinois call centers, as well as other employees with knowledge specific to the allegations in the Amended Complaint. (*Id.*) Although Comcast did not provide specific contact information for each of the 35 individuals (not counting the plaintiffs) listed in its initial disclosures, it did explain that such information could be obtained through counsel. (*Id.* at 2.) Not only did plaintiffs never object to this approach, but they promptly received contact information the one and only time they asked for it. (Ex. 1 ¶¶ 4, 7-8.)

Plaintiffs' additional complaint that Comcast never identified which of the individuals listed in its Rule 26 initial disclosures are former employees is simply wrong. Comcast specifically identified the names and contact information of these individuals following the parties' Local Rule 37.2 conference of December 9, 2009.[1] (*Id.* ¶ 8.)

## II. In Response To Plaintiffs' Interrogatories, Comcast Properly Objected To Providing Class-Wide And Privileged Information.

Plaintiffs also attack Comcast's responses to plaintiffs' interrogatories. First, they complain that Comcast "failed to disclose the identities or contact information for key witnesses including its managers, supervisors or the CAE's [sic] themselves." (Pls.' Mot. at 2-3.) But, as noted above, Comcast *did* disclose the names of each of the 20 different managers and

---

[1] Though plaintiffs criticize Comcast for not providing specific contact information for each of the individuals identified in its initial disclosures, plaintiffs themselves did not provide such information in their own disclosures. (Ex. 4 at 2-3.) And while plaintiffs mistakenly suggest that Comcast was required under Rule 26(a)(1) to identify *everyone* who might know *something* about the facts underlying this litigation (as opposed to only those Comcast "may use as witnesses to support its claims or defenses"), plaintiffs themselves did not live up to this novel standard. As Tiffany Guy explained in her deposition, plaintiffs' counsel has conducted witness interviews with the named plaintiffs and at least one other CAE, Wesley Ogunti. (Ex. 5 (Guy Dep. Trnsc.) at 98:19-99:8.) Yet Mr. Ogunti's name appears nowhere in plaintiffs' initial disclosures. (*See* Ex. 4.)

supervisors to whom plaintiffs reported, and made clear that it would provide contact information upon request of counsel. (Ex. 3 at 2.)

Next, plaintiffs claim that Comcast "deliberately omitted" the identity of CAEs from whom it has obtained declarations. (Pls.' Mot. at 5.) But, in fact, Comcast *explicitly disclosed* the names of these individuals in its response to plaintiffs' Interrogatory No. 9. (Ex. 2 at 17.)

Plaintiffs also make a more general complaint that Comcast has not adequately explained why it has not provided an "employee contact list" in response to plaintiffs' interrogatories. (Pls.' Mot. at 4.) The only interrogatory that remotely resembles a request for an employee contact list is plaintiffs' Interrogatory No. 4.[2] This interrogatory does not ask for a list. Rather, through *fourteen discrete subparts*, it seeks a plethora of information and analysis regarding the named plaintiffs and other "subject employees." (Ex. 2 at 6-7.) With respect to the named plaintiffs, Comcast has provided virtually all of the information requested in Interrogatory No. 4, as well as security badge swipe data, network log-in/-out data, telephone log-in/-out data, and various timekeeping and payroll records. (*See id.* at 7-8; *see also* Ex. 6 at 6-7.). Comcast objected to providing additional class-wide information on several grounds, including that plaintiffs had "not demonstrated . . . that they are entitled to class-wide discovery." (Ex. 2 at 7.)

Finally, plaintiffs attack Comcast's answer to Interrogatory No. 9, which seeks, among other things, a list of everyone Comcast's attorneys "have . . . interviewed since May 22, 2009 regarding claims asserted in Plaintiffs' complaint." (Ex. 2 at 17.) Comcast objected to this request on several grounds, including that such information is protected from disclosure by the

---

[2] Plaintiffs did request an "employee contact list" in their Document Request No. 2. (Ex. 6 at 4.) The parties "agreed to forego a Rule 37 conference regarding Defendant's document production until after" Comcast's supplement production of December 16, 2009. (Ex. 1 ¶ 4.) Rather than initiate that conference, however, plaintiffs chose instead to file their motion to compel on December 22, 2009.

attorney work product doctrine. (*Id*.) Plaintiffs failed to address – much less attempted to refute – that objection in a Local Rule 37.2 conference or their motion. (Ex. 1 ¶ 5.)

III.    **The Parties' Local Rule 37.2 Communications Resolve A Number Of Disputes, But Fail To Touch Upon A Number Of The Issues First Raised In This Motion.**

On December 9, 2009, at plaintiffs' request, the parties held a Local Rule 37.2 conference "to discuss Defendant's interrogatory answers." (Ex. 1 ¶ 3.) At the conclusion of the telephonic conference, plaintiffs' counsel summarized the specific matters discussed as follows:

- The Defendant will make a supplemental production response next week which will include the declarations referenced in Defendant's interrogatory answers. We agreed to forego a Rule 37 conference on Defendant's document production until after that time;

- The Defendant will determine whether it will agree to produce the severance agreements for Mr. McMaster and Ms. Goodman. Plaintiffs would agree to subject these agreements to a confidentiality agreement or protective order if necessary;

- The Defendant will identify which witnesses it disclosed in its Rule 26 disclosures are former employees and how Plaintiffs may contact them;

- The Defendant will respond to Interrogatory #8 (the identity of the decision-maker(s) on timekeeping systems) with greater specificity;

- The Defendant will verify whether its answers to Interrogatory #15 includes federal and state Department of Labor complaints or investigations;

- The Defendant stands by its objection to producing any additional information relating to putative class members. With regards to [this position] we would note that these persons are not only putative class members, but witnesses the Defendant is obligated to identify under Rule 26(a). Therefore, we would respectfully urge the Defendant to reconsider its position or, at the very least, offer a compromise proposal.

(Ex. 1 ¶ 4.)

During the parties' Local Rule 37.2 conference, plaintiffs did not contest Comcast's objection to disclosing the names of everyone counsel had interviewed since May 22, 2009. Plaintiffs also did not complain that Comcast's lawyers had improperly contacted potential class members, nor complain that Comcast had not provided contact information for all 35 individuals identified in its initial disclosures. (Ex. 1 ¶¶ 5-7.)

To date, Comcast has provided all of the information discussed during the parties' December 9, 2009 conference, with the exception of the two severance agreements (noted above), which will be produced on or before December 31, 2009. (*Id.* ¶¶ 8-9.)

## ARGUMENT

### I.    Plaintiffs' Motion To Compel Is Not Properly Before The Court Because It Fails To Comply With This Court's Standing Order On Discovery Motions.

This Court's standing order is clear: "The Court will not hear or consider any discovery motion unless the movant has complied with the 'meet and confer' requirement of Local Rule 37.2. The motion must state with specificity when and how the movant complied with Local Rule 37.2." (*See* http://www.ilnd.uscourts.gov/home/JudgeInfo.aspx.)

Plaintiffs' single statement that "[a]ttempts to resolve this dispute absent Court intervention pursuant to Rule 37 have proven unsuccessful" (Pls. Mot. at 5), falls far short of the Court's requirement that compliance with Local Rule 37.2 be set forth with "specificity." That plaintiffs declined to set forth their Rule 37.2 efforts is not surprising – there is very little to tell.

Plaintiffs' motion complains that:

- Comcast's Rule 26 disclosures (i) identify "only a tiny faction of [Comcast's] supervisors, managers and executives," (ii) fail "to provide the address or telephone number for any these persons," and (iii) fail to "specify whether these persons were current or former employees" (Pls. Mot. at 2);

- Comcast has not disclosed the names of individuals it has interviewed in connection with this lawsuit since May 22, 2009, as requested in plaintiffs' Interrogatory No. 9 (*id.* at 3);

- Comcast "failed to identify in [its] Rule 26 disclosures or interrogatory responses" individuals from whom it had obtained declarations (*id.*);

- by interviewing Customer Account Executives ("CAEs") Comcast has improperly communicated with "represented" parties (*id.* at 6); and

- Comcast has failed to provide "a complete employee contact list" pursuant to its interrogatory requests and/or Rule 26(a)(1) (*id.* at 3).

"It is the obligation of counsel to narrow and focus discovery disputes before they are brought to the court." *Nauman v. Abbott Labs.*, 2006 WL 1005959, at *8 (N.D. Ill. Apr. 12, 2006). Yet plaintiffs raised almost none of the above issues during the lone Local Rule 37.2 conference they requested. (*See* Ex. 1 ¶¶ 4-7.)

For example, plaintiffs never challenged Comcast's objection to disclosing the names of all persons its attorney had interviewed since May 22, 2009, nor did they complain that such interviews constituted improper contact with represented parties. Plaintiffs also never asked Comcast to provide contact information for the 35 individuals identified in its initial disclosures or otherwise suggest that plaintiffs were unsatisfied with Comcast's assurance that such information would be provided upon request of counsel. (*Id.* 5-7.)[3]

Plaintiffs similarly never requested an "employee contact list" in their interrogatories. While plaintiffs requested such a list in their Document Request No. 2 (Ex. 6 at 4), the parties had "agreed to forego a Rule 37 conference on Defendant's document production until after" Comcast's December 16, 2009 supplemental production. (Ex. 1 ¶ 4.) Before Comcast even had the chance to schedule that conference, plaintiffs chose to file their motion to compel.

In short, Comcast has been given virtually no opportunity to resolve the issues identified in plaintiffs' motion in the manner contemplated by Local Rule 37.2 and this Court's standing order. Hence, plaintiffs' motion is not properly before the Court and should be dismissed.

---

[3] Plaintiffs did ask Comcast to identify and provide contact information of individuals identified in Comcast's Rule 26 disclosures who are former employees. Comcast provided this information, along with other information requested by plaintiffs on December 18, 2009 – additional proof that subsequent Rule 37 conferences might have been equally productive. (Ex. 1 ¶¶ 4, 8.) Moreover, although plaintiff has never requested contact information for anyone else listed in Comcast's Rule 26 disclosures, several of these individuals have been deposed or will deposed in January 2010, including Mark McMaster, Tamra Goodman, Audre Haubert, Gregory Lafferty, Lisa Lahr and Sue Keeney. (*See* Ex. 3 at 2-4.)

II.   **Plaintiffs Offer No Legitimate Justification Supporting Their Demand That Comcast Disclose the Names And Personal Contact Information of Thousands of Its Current and Former Employees.**

   A.   **Plaintiffs Have Not Met Their Burden To Make A Prima Facie Showing Sufficient To Justify Class-Wide Discovery Under Rule 23.**

Plaintiffs' motion asks the Court to compel defendants to disclose "the identities, last known contact information and current employment status for all its CAE's [sic], managers and supervisors employed during the three (3) years preceding the filing of the [May 22, 2009] Complaint." (Pls.' Mot. at 7.) The only discovery request similar to this broad request is plaintiffs' Document Request Number 2, which demands that Comcast produce:

> A list, in electronic and importable format . . . of all persons who were paid in the same or similar manner as Plaintiffs or who performed the same or similar job duties . . ., including their name, address, telephone number . . .

(Ex. 6 at 4-5.) Although Comcast has produced such information with respect to the named plaintiffs (*see id.* at 6-7), Comcast objected to producing class-wide information on the basis that such a request was overbroad and unduly burdensome, and because plaintiffs "have not demonstrated . . . that they are entitled to class-wide discovery, let alone which positions would be included in that class." (*Id.* at 4-5.)

These objections should be sustained. To justify the discovery plaintiffs are now asking the Court to compel, plaintiffs "'bear the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied, or that discovery is likely to produce substantiation of the class allegations.'" *Welch*, 2009 WL 700199, at \*\*7-8 (quoting *Mantolete*, 767 F.2d at 1424). But, despite having identified 24 CAEs as witnesses supporting plaintiffs' claims in their initial disclosures (Ex. 4 at 2), and despite Comcast's production of detailed security badge swipe, computer log-in/-out, and telephone log-in/-out data, as well as payroll information (*see* Ex. 6 at 5-7), plaintiffs have made *absolutely no attempt* to make the requisite

showing. For that reason alone, plaintiffs' motion should be denied. *See id.* at *10 (denying motion to compel class-wide discovery where plaintiff failed to make prima facie showing); *Krzesniak v. Cendant Corp.*, 2007 WL 756905, at *1 (N.D. Cal. Mar. 8, 2007) (same); *Telco Group Inc. v. Ameritrade, Inc.*, 2006 WL 560635, at *7 (D. Neb. Mar. 6, 2008) (same).[4]

Furthermore, plaintiffs could not possibly justify disclosure of the massive employee contact list they now demand. Plaintiffs have had no trouble identifying, and presumably interviewing, 24 CAEs with information relevant to plaintiffs' claims. (Ex. 4 at 2.) Additionally, three of the named plaintiffs continue to work as CAEs at Comcast's Oak Brook call center, and thus are in regular contact with dozens, if not hundreds, of other CAEs. (Dkt. No. 23 ¶¶ 8-11.) Plaintiffs cannot seriously maintain that they need the names and personal contact information for "thousands" of Comcast's current and former employees to develop evidence relevant to their claims in this case, especially given the potential misuse associated with such information. *See, e.g., Knutson*, 254 F.R.D. at 557 (denying motion to compel employee contact list where plaintiff "already kn[ew] the identity of many other customer service representatives" and because notifying potential class members is an improper basis for discovery of such a list); *Krzesniak.*, 2007 WL 756905, at *1 (denying motion to compel names and contact information because

---

[4] Plaintiffs argue in a footnote that "[c]ourts throughout the United States have held that a class list containing the names and addresses of putative class members is discoverable . . . ." (Pls.' Mot. at 5 n.4.) But all of the cases plaintiffs cite involve collective actions under section 216(b) of the FLSA. While it is true that the opt-in mechanism of "section 216(b) necessitate[s] a broader scope of discovery" than typical class claims, *see, e.g., Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554 (N.D. Ill. 2008), plaintiffs are wrong to suggest that that standard applies here, in a case seeking class certification under Rule 23. Regardless, even under the more lenient section 216(b) standards, courts routinely deny requests for production of employee contact lists prior to a collective action being "conditionally certified." *See, e.g., Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 553 (D. Minn. 2008); *Stephens v. Erosion Containment Mgmt., Inc.*, 2008 WL 2157095, at *1 (M.D. Fla. May 21, 2008); *West v. Borders Foods, Inc.*, 2006 WL 1892527, at *9 n.6 (D. Minn. July 10, 2006); *Crawford v. Dothan City Bd. of Edu.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003); *H& R Block, Ltd. v. Housden,* 186 F.R.D.399, 401 (E.D. Tex. 1999); *Vaslavik v. Storage Tech. Corp.,* 175 F.R.D. 672, 681-82 (D. Colo. 1997); *Brooks v. Bellsouth Telecomm., Inc.*, 164 F.R.D. 561, 571 (N.D. Ala. 1995).

"Plaintiff has already spoken to at least six putative class members and may have access to others" and because "compelling the production of contact information prior to class certification may result in 'court initiated notice to potential claimants,' which would be improper").

**B.     Comcast Was Not Required To List The Names And Contact Information Of "Thousands" Of Its Employees In Its Initial Disclosures.**

Unable to proffer any evidence or argument to justify class-wide discovery, plaintiffs instead attack Comcast's Rule 26 initial disclosures.  Although plaintiffs' offer a variety of inaccurate criticisms of Comcast's disclosures (*see supra* at 3-4), their primary argument seems to be that Rule 26(a)(1) requires Comcast to identify all potential class members, which plaintiffs claim to number in the thousands.  (*See* Pls.' Mot. at  4 (arguing "that thousands of undisclosed CAE's [sic] have information going directly to the claims and defenses in this case.").)  But a plain reading of Rule 26(a)(1) makes clear that Comcast only is required to identify those individuals "*it may use as witnesses* to support its claims or defenses." *Id.* (emphasis added). Plaintiffs themselves seem to recognize this limitation as they too have not provided a full list of *everyone* whom *might* have information relevant to this case.  (*See supra* at 4 n.1.)  Moreover, providing a list of thousands of individuals in a party's initial disclosures – as plaintiffs would require – is improper because such lists are "too broad and extensive to be meaningful." *In re FedEx Pkg. Sys., Inc. Emp. Practices Litig.*, 2007 WL 2128164, at *3 (N.D. Ind. 23, 2007).

**C.     Plaintiffs' Claim That Comcast Has "Misled Plaintiffs And This Court" Based On Its Answers To Plaintiffs' Interrogatories Is Baseless.**

Plaintiffs also seek to justify class-wide discovery by accusing Comcast of "affirmatively misle[a]d[ing] Plaintiffs and this Court" by "interviewing and extracting declarations from . . . putative class members who [Comcast] later represented were 'too burdensome' to disclose." (Pls.' Mot. at 5.)  This argument is spurious.

First, there is simply no basis for plaintiffs' claim that Comcast refused to disclose the identity of individuals from whom it has obtained signed declarations. (*Id*. at 3, 5.) To the contrary, *the name of each declarant was provided in response to plaintiffs' Interrogatory No. 9*. (Ex. 2 at 17.) The signed declarations also were provided to plaintiffs following the parties' Local Rule 37.2 conference, as plaintiffs' motion tacitly acknowledges. (Pls.' Mot. at 3.)

Second, contrary to plaintiffs' insinuation (*id*. at 6-7), there is nothing improper about Comcast's attorneys interviewing Comcast employees in connection with this lawsuit. *See, e.g., Pruitt v. City of Chicago, Dept. of Aviation*, 2004 WL 1146110, at **2-3 (N.D. Ill. May 20, 2004) (rejecting plaintiffs' claim that defendants contact with putative class members was improper). Although courts have "limited 'power to restrict communications between defendants and putative class members," such action "is designed to prevent abuse of the class action process." *Id.* (quoting *Wiginton v. Ellis*, 2003 WL 22232907, at *2 (N.D. Ill. 2003)).

Here, as in *Pruitt*, plaintiffs offer nothing but unfounded speculation to suggest that Comcast may have "abused the class action process or was involved in misleading communications." *Id.* at *2 (denying plaintiffs' motion to restrict defendant's communications with its employees). In short, this Court should ignore plaintiffs' unfounded rhetoric.

## III. The Names Of Individuals Defense Counsel Chose To Interview Is Protected From Disclosure Under the Attorney Work Product Doctrine.

Near the end of their motion, plaintiffs appear to back off their broad demands for class-wide discovery and ask the Court to compel "at the very least" information regarding "the nature and extent of defense counsel's contacts [with potential class members.]" (Pls.' Mot. at 7.) This is best understood as a request to compel Comcast to answer more fully Interrogatory No. 9, which seeks disclosure of everyone defense counsel has "interviewed since May 22, 2009 regarding claims asserted in Plaintiffs' complaint." (Ex. 2 at 17.)

Comcast objected to this request on the grounds that the names of individuals Comcast's counsel chose to interview as part of its investigation of this matter are protected from disclosure under the attorney work product doctrine. (*Id.*) Plaintiffs' motion to compel completely ignores this objection, and instead suggests that Comcast refused to identify individuals its attorneys chose to interview on the grounds that the names were "'too burdensome' to disclose." (Pls.' Mot. at 5.) Plaintiffs' dissembling is hardly surprising, as established case law has sustained the work product objection Comcast actually raised. *See, e.g., BASF Corp. v. Old World Trading*, 1992 WL 22201, at *3 (N.D. Ill. 1992); ("Old World has no more right to ask [who] BASF has interviewed tha[n] it has to ask BASF which piece of evidence [its] counsel considers most important."); *Abbott Lab's v. Airco, Inc.*, 1986 WL 1408, at *1 (N.D. Ill. Jan. 13, 1986) (denying motion to compel names of persons interviewed by counsel because it "would invade the realm of [attorney] work product."); *Board of Education v. Admiral Heating and Ventilating Inc.*, 104 F.R.D. 23, 32 (N.D. Ill. 1984) (disclosure of the names of employees interviewed by counsel would "afford [one party] the potential for significant insights into the [other party's] lawyers' preparation of their case (and thus their mental processes).").

Judge Shadur elaborated on his *Board of Education* holding in the later decision of *American Floral Services, Inc. v. Forists Transworld Delivery Association*, 107 F.R.D. 258 (N.D. Ill. 1985):

> In [*Board of Eduction*] the disclosure of all persons interviewed, when coupled with the equally inevitable disclosure of which of them were anticipated witnesses (and therefore which of them were not), would teach the opponent just which interviewees' information was viewed as gold and which as dross. It would teach the shape of the discovered party's case as surely as the shape of a container teaches the shape of the gas within. It would reveal the conceptual sifting of relevant from irrelevant facts . . . .

*Am. Floral Serv's Inc.*, 107 F.R.D. at 261.

13

By contrast, in *American Floral*, Judge Shadur found that the privilege was overcome where defense counsel merely asked plaintiffs to identify two individuals who had provided inculpatory information from a list of hundreds of other identified witnesses. As Judge Shadur explained, a different conclusion would have forced defendants into a "needle-in-haystack" scenario of interviewing hundreds of witnesses to determine which two had provided the inculpatory information on which plaintiffs relied. *Id*. at 261-62.[5]

This case presents precisely the kind of scenario both *Board of Education* and *American Floral* recognized as warranting application of the attorney work product doctrine. Plaintiffs are not being forced into any kind "needle-in-haystack" scenario – rather Comcast has fully disclosed the names of individuals from whom it has obtained signed declarations. Any further requirement that Comcast also identify the names of all individuals it has interviewed since May 22, 2009, as Interrogatory No. 9 demands, would "afford [plaintiffs] the potential for significant insights into the [Comcast's] lawyers' preparation of their case (and thus their mental processes)." *Board of Education*, 104 F.RD. at 32. Therefore, Comcast's objection to Interrogatory No. 9 should be sustained, and plaintiffs' motion to compel should be denied.

## CONCLUSION

Plaintiffs' Motion To Compel Defendant To Disclose Witnesses Under Rule 37(a) should be denied.

Respectfully submitted,

by: s/ Christopher J. Boran

---

[5] In *EEOC v. Jewel Food Stores, Inc.*, 231 F.R.D. 343 (N.D. Ill. 2005), the court chose not to apply the conclusion reached in *Board of Education*, and instead held that the names of individuals interviewed were not privileged, "at least where the request *does not ask who conducted the interview*." *Id.* at 347 (emphasis added).

Sari M. Alamuddin
Chistopher J. Boran
Stephanie Christiansen-LaRocco
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
T:  312.324.1146
E:  cboran@morganlewis.com

*Attorneys for Defendant Comcast Corporation*

## CERTIFICATE OF SERVICE

I, Christopher J. Boran, an attorney, certify that I served the foregoing via the Court's

ECF system upon the following attorneys:

Douglas M. Werman
dwerman@flsalaw.com

David Erik Stevens
dstevens@flsalaw.com

Maureen Ann Bantz
mbantz@flsalaw.com

Jamie G. Sypulski
jsype@aol.com

Jac A. Cotiguala
jacacotiguala@hotmail.com

James B. Zouras
jzouras@stephanzouras.com

James X. Bormes
bormeslaw@sbcglogal.net

Ryan F. Stephan
rstephan@stephanzouras.com

on this 29th day of December, 2009.

s/ Christopher J. Boran