Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3368 | **DATE** | 1/14/2010 |
| **CASE TITLE** | KERNATS vs. COMCAST CORP | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to compel defendant to disclose witnesses [26] is denied.

■[ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT

    Plaintiffs Cynthia Kernats, Tiffany Guy, Marion Johnson and Tenisha McCoy, individually and on behalf of others similarly situated (collectively, "Plaintiffs") move for an Order compelling Defendant Comcast Corporation ("Comcast") to more fully respond to Plaintiff's interrogatories by disclosing an extensive list of Comcast employees who, Plaintiffs assert, may be potential witnesses in the litigation. For the reasons set forth below, Plaintiffs' Motion to Compel is denied.[1]

    Plaintiffs's suit alleges that Comcast violated the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, and seeks to recover unpaid wages and other damages. Plaintiffs have not yet filed a motion for class certification and the Court has not granted any such certification. Plaintiffs now seek to compel the disclosure of a list of potential witnesses, and specifically request a Court Order compelling Comcast "to fully disclose the names and contact information for all" CAEs employed by Comcast during the time period at issue. Plaintiffs argue that these individuals are putative class members and that Comcast's refusal to produce such a comprehensive list, even while Comcast continues to interview certain of its employees whose names would appear on the list, is unreasonable.

    Separate from the substantive issue raised by this Motion is the question of whether the Plaintiffs complied with Local Rule 37.2 and with the Court's standing order prior to the filing of this Motion. Comcast states that many of the major issues raised in Plaintiffs' Motion to Compel, including the request for an employee contact list and the concern that Comcast's interviews with its employees constituted improper contact with represented parties, were never raised in preliminary discovery discussions. Moreover, it appears that this Motion was filed before the parties had even scheduled their Rule 37.2 conference. Plaintiffs' Motion states only that "attempts to resolve this dispute . . . pursuant to Rule 37 have proven unsuccessful," (Pl. Mot. at 5), but this assertion is not supported with the level of documentation and detail that Comcast provides to the contrary. The

**STATEMENT**

Court will consider the substance of the Motion notwithstanding Plaintiffs' apparent failure to comply with the Local Rule, but cautions Plaintiffs that such noncompliance will not be without consequences in the future.

Plaintiffs' Motion cannot succeed on its substantive merits. The Court is asked to compel broad disclosure of a company's employees' identities and contact information, without any reason to find that the requested information will be relevant to the litigation other than Plaintiffs' assertion that the employees are "putative" members of the class. In support of their argument, Plaintiffs cite to a number of district court cases granting broad discovery of employee lists before the Court has granted class certification. However, the cited cases all involve claims under the Fair Labor Standards Act, in which an action is brought on behalf of the named plaintiff and "others similarly situated," who must affirmatively opt-in to participate in the litigation. *See, e.g., Donahay v. Palm Beach Tours & Trans.*, 2007 WL 1119208 (S.D. Fla.) (allowing discovery of list of employees in the same job category as plaintiff); *Bailey v. Ameriquest Mortgage Co.*, 2002 WL 100388 (D. Minn. 2002) (granting motion to compel discovery of a list of "all persons employed by [defendant] as account executives from July 1, 1998 to present). This is consistent with a Supreme Court case holding that district courts have discretion to implement the opt-in provisions of the FLSA by "facilitating notice to potential plaintiffs." *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). While the present case does allege wage and overtime violations, it is brought under the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act, and not under the FLSA. Thus, even though FLSA rules might seem to apply by analogy, the case is governed by Rule 23's class action requirements, and not by the more lenient FLSA standard. Moreover, even in FLSA cases courts have denied discovery requests like this one where "conditional" or preliminary class certification has not been issued. *See Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553 (D. Minn. 2008).

In Rule 23 cases where plaintiffs have not yet filed a motion for class certification, discovery may be used to help determine whether the class can properly be certified, particularly with respect to the threshold requirements of "numerosity, common questions, and adequacy of representation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978); see also Telco Group Inc. v. Ameritrade, Inc., 2006 WL 560635 at *2 (in order for a pre-certification discovery request to be relevant, "plaintiff must show that discovery measures will produce persuasive information substantiating the class action allegations") (citations omitted). When analyzing pre-certification discovery requests such as this one, courts often consider whether the class-action plaintiffs would be unable to locate and interview any putative class members without discovery from the defendants. Where, as here, plaintiffs have other means of accessing information for at least some class members–for example, three of the named plaintiffs still work in Comcast's call center with other CAEs–courts generally deny discovery requests like this one. *See, e.g., Krzesniak v. Cendant Corp.*, 2007 WL 756905 (N.D. Cal. 2007) (refusing to compel production of an employee contact list where plaintiffs had other sources of "adequate information to move for class certification").

Other district courts have not always denied these discovery requests, however. In *Wiegele v. Fedex Ground Package Sys.*, 2007 WL 628041, the Southern District of California granted a motion to compel answers to interrogatories asking for all previous and current employees in certain job categories. That case was also brought under state wage and hour laws, rather than under the FLSA, and class certification had not yet been granted. *See id.* at *1. However, the defendant's objection was that the interrogatories would violate the privacy of their employees, not that the information requested was irrelevant or overly broad. *See id.* The court therefore did not consider in detail the issue of whether the information was properly discoverable, but accepted the magistrate judge's conclusion that it was. *See id.* at *5. This is a different analysis from the one at issue here,

**STATEMENT**

where the opposing party is challenging the scope of the discovery request itself.

Additionally, Plaintiffs originally argued that they are entitled to production of the list of CAEs in order to ensure that Comcast's counsel is not engaging in improper communications with putative class members who are deemed to be represented by class counsel, citing to a number of cases in which courts upheld or issued orders limiting contact between defense counsel and potential class members. *See, e.g.*, *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1206-07 (11th Cir. 1985); *Bower v. Bunker Hill Co.*, 689 F. Supp. 1032, 1033 (E.D. Wash. 1985). However, Plaintiffs' supplemental brief on this Motion implicitly concedes that the "scope of a district court's authority to limit" communications between putative class members and defense counsel is not at issue here. (R. 30 at 2.) Plaintiffs provide no additional authority supporting the proposition that class counsel is entitled to monitor an employer's internal investigations and communications with its employees before a motion for class certification has even been brought.

The Motion to Compel is therefore denied. In order to comply with Rule 26(a)(1), Comcast was not required to disclose all of its employees who could potentially be class members, but only those "it may use as witnesses to support its claims or defenses." Comcast has provided exhibits demonstrating that it has complied with its obligation to do so. The full employee list will be necessary and relevant after class certification in order to allow for class notification, but Plaintiffs need not rely upon it at this stage in order to show that they are entitled to class certification.

Plaintiff's Motion to Compel Defendant to Disclose Witnesses Under Rule 37(a) is denied.

1. After Comcast filed its Response Memorandum to this Motion, Plaintiffs requested leave to supplement their brief, which the Court granted. Comcast opposed the request for leave. Plaintiffs have not filed a formal supplemental brief. The Court therefore understands the Plaintiffs' Motion to Supplement the Briefing to be their requested "short discussion" of additional authority, and Comcast's brief in Opposition to be its response to the additional authority.