Case: 1:09-cv-03368 Document #: 115 Filed: 06/27/12 Page 1 of 6 PageID #:1797



# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CYNTHIA KERNATS, TIFFANY GUY, MARION JOHNSON, and TENISHA MCCOY, Individually, and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>COMCAST CORPORATION,<br><br>      Defendant. | Case No. 09-cv-3368<br><br>Judge Virginia M. Kendall |

## ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

On June 27, 2012, the Court heard a motion for final approval of a settlement of a class action by Plaintiffs Cynthia Kernats, Tiffany Guy, Marion Johnson and Tenisha McCoy ("Class Representatives"), on behalf of themselves and all others allegedly similarly situated ("Plaintiffs"), and Comcast Corporation (as well as its former and current directors, officers, and agents, not otherwise individually named as Defendant, employees, attorneys, predecessors, successors, subsidiaries, and affiliated entities) (collectively, "Defendant" or "Comcast"). The Court has considered the Unopposed Motion for Final Approval of Class Settlement and other related materials submitted by the Plaintiffs, as well as the Plaintiffs' presentation at the hearing on final approval, and otherwise being fully informed in the premises, hereby finds and orders as follows:

    1.    Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

    2.    The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the two classes

certified by this Court in its October 20, 2010 Order. Pursuant to the October 20, 2010 Order, the IMWL class is defined as:

> All persons employed as Customer Account Executives in Illinois by Defendant Comcast Corporation from June 3, 2006, to the conclusion of this action who worked in excess of forty (40) hours in any individual workweek, and who were not paid for all overtime worked at the rate of one and one-half times their regular rate of pay.

The Court defined the IWPCA class as:

> All persons employed as Customer Account Executives in Illinois by Defendant Comcast Corporation from August 17, 2002, to the conclusion of this action who were not paid for all time worked in individual workweeks.

3. The Court finds that the settlement memorialized in the Joint Stipulation of Settlement and Release (the "Settlement Agreement") falls within the range of reasonableness and meets the requirements for final approval.

4. The Court finds that the Notice Regarding Proposed Settlement of Class Action ("Class Notice") and related materials (collectively, "Notice Materials"), sent to the Class Members via First Class Mail and made available on a dedicated website, adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice Materials also adequately informed the Class Members of the toll-free telephone number established by the settlement claims administrator, Simpluris, Inc., ("Claims Administrator"), and informed the Class Members of the contact information for Class Counsel. Thus, the Court finds that the Notice Materials provided to the Class provided the best notice practicable under the

circumstances, met the requirements of due process and otherwise satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(1)(B).

5. The Court finds that the Settlement is fair, reasonable and adequate, is in the best interests of the Class Members, and is the result of arm's length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues in this case in particular. The Court finds that: (a) the strength of the Class Representatives' and Class Members' claims weighed against Comcast's defenses, and the complexity, length and expense of further litigation, support approval of the Settlement; (b) the Maximum Settlement Amount of Six Million Dollars ($6,000,000.00) as set forth in the Notice Materials is a fair, reasonable and adequate settlement of the Class Representatives' individual claims and the claims of the Class; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement expressed by Class Counsel and counsel for Comcast, who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and, (f) the litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

6. Pursuant to the terms of the Settlement Agreement, Comcast will pay an amount equal to the Court-approved Enhancement Payments, Court-approved attorneys' fees and costs, costs incurred by the Claims Administrator, and the Net Settlement Amount into the Settlement Account, which will be set up, held and controlled by the Claims Administrator, within seven (7) calendar days of entry of this Order. No other funds shall be added to or comingled with the

Settlement Account. In no event shall the Claims Administrator withdraw, transfer, pledge, impair or otherwise make use of the funds in the Settlement Account except as expressly provided in the Settlement Agreement.

7. With respect to the Settlement Account, the Claims Administrator shall comply with all of the duties and requirements set forth in the Settlement Agreement and applicable federal, state, and local law.

8. The Settlement Account, including all interest or other income generated therein, shall be in *custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any third party, including any Class Member.

9. The Enhancement Payments, as set forth in the Settlement Agreement, are approved and shall be awarded and paid from the Settlement Account to Cynthia Kernats, Tiffany Guy, Marion Johnson and Tenisha McCoy in the amount of $7,500.00 each; and to Cheryl Niles and Latesha Clark-Wright in the amount of $1,500.00 each.

10. The Court finds that the Claims Administrator, Simpluris, Inc., has performed all of its obligations pursuant to the Settlement Agreement. Accordingly, the $70,000.00 in costs for claims administration, as provided in the Settlement Agreement, are approved and shall be paid to the Claims Administrator from the Settlement Account.

11. Class Counsel is awarded $2,000,000.00 for reasonable attorneys' fees and $35,996.29 for reimbursement of reasonable and necessary costs. Class Counsel shall receive such payments from the Settlement Account according to the procedures set forth in the Settlement Agreement.

12. Participating Claimants shall receive their settlement shares according to the procedures set forth in the Settlement Agreement. As provided in the Settlement Agreement, any

remaining unclaimed funds over the Class Payment Floor, as defined in the Settlement Agreement, shall be retained by Comcast.

13. The Court orders that any Class Member who did not timely submit an Election to Opt-Out of Settlement and Class Action Form is bound by the terms of the Settlement Agreement and fully releases and discharges Comcast, and all other Released Parties set forth in the Settlement Agreement, from all actions or causes of action, whether known or unknown, that the parties agreed to release in the Settlement Agreement.

14. The Court finds that the 3,968 individuals identified by the Claims Administrator, as set forth by the Declaration of Eric Springer, have submitted timely forms or have been accepted as timely and complete by Comcast as provided for in the Settlement Agreement. These individuals are bound by the terms of the Settlement Agreement and are entitled to participate in the monetary portion of the Settlement. These individuals who affirmatively opted-in to the Settlement have fully released and discharged Comcast, and all other Released Parties set forth in the Settlement Agreement, from all actions or causes of action, whether known or unknown, that the parties agreed to release in the Settlement Agreement against Comcast and all other Released Parties set forth in the Settlement Agreement that the parties agreed to release in the Settlement Agreement.

15. The Court finds that the two (2) individuals identified by the Claims Administrator, as set forth by the Declaration of Eric Springer, have timely requested exclusion from the Settlement Class. These individuals are excluded from the Class previously certified, are not bound by the terms of the Settlement Agreement and are not entitled to participate in the monetary portion of the Settlement.

16. The Court orders that the submitted Claim Forms deemed deficient by the

Settlement Administrator, as set forth by the Declaration of Eric Springer, which deficiencies have not been deemed by the Settlement Administrator to have been cured, shall be considered invalid. The Court finds that the two (2) individuals identified by the Settlement Administrator have filed deficient Claim Forms. These individuals are not entitled to participate in the monetary portion of the Settlement, and are barred from pursuing any claims against Defendant referenced in Paragraph 14 above; these individuals release and discharge Defendant and Related Parties from all such claims pursuant to Paragraph 14 above.

17. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any other proceeding as evidence: (a) of an adjudication of the merits of the case; (b) an adjudication of any of the matters released in the Settlement Agreement; (c) that any party has prevails in this case; or (d) that Comcast has engaged in any wrongdoing.

18. This Court grants final approval of the Settlement.

19. This matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement. The Court retains jurisdiction for sixty (60) days after entry of this Order solely for the purpose of implementation and enforcement of the terms of the Settlement.

20. The Clerk is directed to enter judgment and dismiss this case with prejudice sixty days (60) from the entry of this Order.

IT IS SO ORDERED.

Dated: June 27, 2012

The Honorable Virginia M. Kendall
United States District Court Judge